# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

BECKY S. KURKA,

    Plaintiff,

vs.

IOWA COUNTY, IOWA and IOWA COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

No. 08-CV-95-LRR

**ORDER**

## I. INTRODUCTION

The matters before the court are the "Motion to Extend Time to Effect Service of Summons Pursuant to F.R.C.P. 4(m)" ("Motion to Extend") (docket no. 5), filed by Plaintiff Becky S. Kurka, and the Motion to Dismiss (docket no. 7), filed by Defendants Iowa County, Iowa and the Iowa County Sheriff's Department.

## II. RELEVANT PRIOR PROCEEDINGS

On July 31, 2008, Plaintiff filed the Complaint (docket no. 2-2). The Complaint alleged Gender Discrimination and Retaliation against Defendants, each in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Iowa Civil Rights Act, Iowa Code chapter 216.

Plaintiff initially docketed the Complaint in error on the court's CM-ECF system. With the assistance of the Clerk of Court, Plaintiff correctly re-filed the Complaint within hours of her error. In the midst of the confusion over Plaintiff's erroneous filing of the Complaint, however, the Clerk of Court neglected to issue Plaintiff a signed and sealed summons. The Local Rules provide that, "[w]hen a new case is filed, the Clerk of Court will deliver to the plaintiff a signed and sealed summons." LR 5.g.2.

Federal Rule of Civil Procedure 4(m) required Plaintiff to serve Defendants within 120 days of the filing of the Complaint. Because Plaintiff filed the Complaint on July 31,

2008, Plaintiff was required to effect service on or before November 28, 2008. Plaintiff did not serve Defendants within such 120-day time frame.

Nothing happened in the case until December 11, 2008, that is, 133 days after Plaintiff filed the Complaint. On December 11, 2008, counsel for Plaintiff's secretary contacted the court *ex parte* via email. Attached to the email ("Email") was a proposed Scheduling Order and Discovery Plan (docket no. 13-2) ("Proposed Scheduling Order"). The Proposed Scheduling Order was signed by counsel for Plaintiff and drafted for a United States Magistrate Judge's signature in an attempt to comply with Federal Rule of Civil Procedure 16(b), Federal Rule of Civil Procedure 26(f) and Local Rule 16.

In the Proposed Scheduling Order, counsel for Plaintiff represented to the court that "[c]ounsel have conferred and submit the following case information and proposed dates for case management." Proposed Scheduling Order at 2. Counsel for Plaintiff represented to the court that, after such consultation, the parties had agreed to seven classes of deadlines: (1) a December 23, 2008 deadline for initial disclosures; (2) a February 9, 2009 deadline for motions to add parties; (3) a February 10, 2009 deadline for motions to amend pleadings; (4) various deadlines for disclosing the parties' expert witnesses; (5) an August 11, 2009 deadline for the completion of discovery; (6) an October 11, 2009 deadline for dispositive motions; and (7) a January 11, 2010 trial ready date. Counsel for Plaintiff represented to the court that the parties estimated the jury trial would last three days and a court-sponsored settlement conference was not necessary. Finally, counsel for Plaintiff represented to the court that the parties did not agree to trial, disposition and judgment by the Magistrate Judge.

The Proposed Scheduling Order was nothing more than a series of false representations to the court. The parties now agree that the Proposed Scheduling Order "was presented to the court without the knowledge or input from defendants." Unresisted Application (docket no. 14), at 1.

In truth, counsel for Plaintiff had contacted counsel for Defendants on December 11, 2008, in an attempt to confer and reach agreement on a proposed scheduling order. Counsel for Defendants "indicated that he had not yet filed an Answer to the [Complaint] because he had not received notice." Motion to Extend (docket no. 5), at 1. Counsel for Plaintiff "indicated that he would further investigate the matter." *Id.* Instead of asking the court for more time to serve Defendants, however, counsel for Plaintiff manufactured the Proposed Scheduling Order and submitted it to the court under the pretense that it represented the joint work of counsel for both sides.

On December 16, 2009, one of counsel for Plaintiff's associates[1] contacted the Clerk of Court and inquired why she had not received a signed and sealed summons upon the filing of the Complaint. The Clerk of Court confessed to overlooking the matter and immediately issued the requested Summons (docket no. 4) to the associate. The associate informed the Clerk of Court *ex parte* that Plaintiff anticipated filing a motion for extension of time to effect service.

On December 17, 2008, Plaintiff filed the Motion to Extend. Counsel for Plaintiff docketed the Motion to Extend incorrectly; he failed to attach his brief to his motion, as the Local Rules require. *See* LR 7.d. With the assistance of the Clerk of Court, counsel for Plaintiff correctly filed the Motion to Extend. Counsel for Plaintiff's secretary emailed a copy of the Motion to Extend to counsel for Defendants.

On the morning of December 22, 2008, a process server hired by Plaintiff served the Summons and the Complaint upon Defendants. *See* Affidavits of Service (docket nos. 8 & 9), at 1. Plaintiff served Linda Griggs, the Iowa County Auditor and Nick Roggentien, the Sheriff of Iowa County.

---

[1] The associate's name is not listed on the Civil Cover Sheet (docket no. 1). She did not sign the Complaint (docket no. 2-2) and has not filed a notice of appearance in this action.

On the same date, Defendants filed the Motion to Dismiss. Defendants ask the court to dismiss this case without prejudice because Plaintiff failed to effect service within the 120-day deadline set forth in Federal Rule of Civil Procedure 4(m).

On December 30, 2008, Defendants filed a Resistance to the Motion to Extend. On January 2, 2009, Plaintiff filed a Resistance to the Motion to Dismiss.

Neither party requests oral argument on the Motion to Extend or the Motion to Dismiss. The Motion to Extend and the Motion to Dismiss are fully submitted and ready for decision.

### III. ANALYSIS

The parties agree that the court should analyze the Motion to Extend and Motion to Dismiss together. The fighting issue in each motion is whether there is "good cause" or, at the very least, "excusable neglect" warranting a retroactive extension of the 120-day deadline for Plaintiff to serve Defendants.

In the mine-run case, the Federal Rules of Civil Procedure place the burden for effecting service within the 120-day time period upon the plaintiff, as opposed to the court, the United States Marshal or anyone else. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). The Rules contemplate that the plaintiff will draft a blank summons and present it to the Clerk of Court for his signature and seal. Fed. R. Civ. P. 4(b). Upon presentment, "the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." *Id.* The plaintiff then "generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and summons upon a defendant." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *see also Barmes v. Nolan*, 123 F. App'x 238 (7th Cir. 2005) ("[P]laintiffs . . . who are not indigent bear the responsibility for effecting service of process."). "The appointed person is usually a commercial process server plaintiff has contracted with to

effectuate service for a fee." *Byrd*, 94 F.3d at 219.

The United States District Court for the Northern District of Iowa has adopted a Local Rule to expedite this process. "When a new case is filed, the Clerk of Court will deliver to the plaintiff a signed and sealed summons." LR 5.g.2. Local Rule 5.g.2 automatically relieves the plaintiff from affirmatively requesting that the Clerk of Court place his signature and seal upon a pre-prepared summons. It also relieves the Clerk of Court from responding to such requests. The ultimate burden to effectuate service, however, remains with the plaintiff under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 83 (requiring local rules to be consistent with the Federal Rules of Civil Procedure).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve each defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). This is a very important and well-known deadline. The federal plaintiff's lawyer ignores this deadline at his own peril. As the cases make clear, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987) (citation omitted). "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

Extensions of the 120-day deadline are common but not granted as a matter of course. In relevant part, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—upon motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Under Rule 4(m), a district court must engage in a two-step analysis of motions to dismiss a complaint premised upon untimely service of process." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612 (8th Cir. 2003) (per curiam). "First, it must inquire whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed 120-day period." *Id.* "If the district court concludes that good cause is shown, it must extend the time for service." *Id.* at 612-613. "Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service." *Id.* at 613. "To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect." *Id.* The district court retains substantial discretion at each step of the analysis. *Id.* The plaintiff bears the burden to show "good cause" and "excusable neglect." *See, e.g., Bachenski v. Malnati*, 11 F.3d 1371 (7th Cir. 1993) ("The plaintiff bears the burden of demonstrating good cause under [former Rule 4(m)."]); *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819 n.2 (1st Cir. 1986) (same); *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980) (same); *Bell v. City of Chicago*, No. 03-C-2117, 2004 WL 3119015, *1 (N.D. Ill. Dec. 20, 2004) (same); *Woods v. Partenreederei M.S. Yankee Clipper*, 112 F.R.D. 115, 116 (D. Mass. 1986); 4B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 3d* § 1137 (2002) ("The burden is on the plaintiff to establish good cause.").

Plaintiff contends the Clerk of Court's failure to comply with LR 5.g.2 and provide her with a signed and sealed summons constitutes "good cause" warranting a mandatory extension under Rule 4(m). In support of this argument, Plaintiff represents[2] to the court:

---

[2] Plaintiff has not presented the court with any admissible evidence in support of its Motion to Extend or its Resistance to the Motion to Dismiss. For example, Plaintiff has not sworn out an affidavit. All the court has is attorney argument and an unverified exhibit. Attorney argument is not evidence. *Exeter Bancorporation, Inc. v. Kemper Secs*.

(continued…)

6

> Counsel for Plaintiff's internal office procedure is to send every summons out for appropriate service of process immediately upon receipt from the Clerk [of Court], as a ministerial task normally completed by support staff. Because the Clerk [of Court] never provided the summons in this case, this ministerial procedure was never triggered. The plaintiff was diligent about investigating the circumstances surrounding the missing summons and pursuing the matter with the Clerk of Court's office upon notice of the issue. Upon receipt of the summons, counsel for Plaintiff immediately began the process of serving Defendants.

Motion to Extend at 2.

"There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)." *Colasante*, 81 F. App'x at 613. "It has been stated that '[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules.'" *Id.* (citation omitted). "At its core, however, the standard of good cause, like many others in the law, is necessarily amorphous." *Id.* "Whether or not it has been satisfied is largely dependent upon the facts of each individual case." *Id.* "It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance." *Id.*

The court finds Plaintiff has not shown good cause sufficient to warrant a mandatory extension under Rule 4(m). As previously indicated, Rule 4(m) contains a firm and well-

---

[2](…continued)
*Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (reiterating that statements of counsel are not evidence and will not carry the day on a motion). The court need not decide whether the failure to present admissible evidence is fatal to Plaintiff's position. *See, e.g., U.S. ex rel. Cody v. Computer Sciences Corp.*, 246 F.R.D. 22, 27 (D.D.C. 2007) (declining to accept attorney's bald, unsworn representations to the court and declining to grant extension to the 120-day deadline in Rule 4(m)). Even if the court accepts Plaintiff's "evidence" as true she is not entitled to relief from this court.

7

known deadline. While the court cannot overlook and does not condone the Clerk of Court's failure to comply with Local Rule 5.g.2,[3] the Clerk of Court's failure to issue the summons is not "good cause" for Plaintiff's complete inaction in this case for four and one-half months. Counsel for Defendants is correct when he writes:

> Plaintiff's counsel must surely be aware that following the filing of any lawsuit in federal . . . court, plaintiff is obliged under the court rules and basic concepts of due process to provide timely notice and service of process upon defendants. [F]ollowing the filing of suit against any party, it is incumbent upon any plaintiff and his counsel to satisfy for themselves that the suit papers have been timely served upon all parties pursuant to applicable rules and standards.

Brief in Support of Motion (docket no. 7-2), at 4.

In other words, a reasonable practitioner would not fail to place any redundancies in his internal office procedure such that he might completely forget about a case for almost five months. Counsel for Plaintiff should have established a firm reminder to himself in his system that, regardless of whether his secretary received a signed and sealed summons from the Clerk of Court, counsel for Plaintiff would ensure that he completed service within Rule 4(m)'s explosive 120-day deadline. Under such an internal office procedure, counsel for Plaintiff would have learned of the failure of the Clerk of Court before the deadline expired and could have remedied any potential problems with a simple phone call to the Clerk of Court. Plaintiff was not entitled to fiddle while the Clerk of Court's ministerial task remained uncompleted; "a plaintiff may not remain silent and do nothing to effectuate . . . service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

---

[3] The Clerk of Court's failure to comply with Local Rule 5.g.2 should be viewed in context of Plaintiff's inability to file her Complaint properly in the court's CM-ECF system. Plaintiff's error undoubtedly distracted the harried court employee responsible for issuing the summons from her usually perfunctory task.

The Federal Rules of Civil Procedure place the ultimate responsibility for effecting service upon plaintiffs, not the Clerk of Court. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Indeed, at least one court has declined to find good cause where the Clerk of Court may have affirmatively misrepresented the law to the plaintiff. *See, e.g., Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994) ("[R]eliance on the advice of a Clerk's office employee cannot excuse plaintiff's counsel's failure to do basic research."). Ensuring that service is completed is not a ministerial task for staff members, as counsel for Plaintiff claims, but rather an important responsibility for the lawyer. *See, e.g., Robbins v. Brady*, 149 F.R.D. 154, 158 (C.D. Ill. 1993) (rejecting an attorney's attempt to shift blame for his failure to effect service to his employees because counsel "alone is responsible for ensuring that service is perfected").

At bottom, this is not a case in which counsel for Plaintiff did "everything in his power to effect personal service" only to have others fail him. *See, e.g., Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (holding "good cause" existed where United States Marshal Service, charged with the duty to effect service for a pro se plaintiff proceeding in forma pauperis, effected service improperly). Plaintiff should "'not . . . expect the solicitous attitude the courts may have manifested about service defects when the marshals ran the store.'" *Braxton*, 817 F.2d at 241 (citation omitted); *see, e.g., Byrd*, 94 F.3d at 220 (finding "good cause" due to "the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis"). Plaintiff has not established "good cause" that mandates an extension under Federal Rule of Civil Procedure 4(m). *See, e.g., U.S. ex rel. Cody v. Computer Sciences Corp.*, 246 F.R.D. 22, 26-27 (D.D.C. 2007) ("[C]ounsel for the plaintiffs' allegation that the lack of response by the Clerk of Court delayed the process

9

by more than five months raises concerns, but this alone does not rise to the level of good cause.").

In the alternative, Plaintiff argues that the Clerk of Court's failure to comply with Local Rule 5.g.2 provides the requisite "excusable neglect" warranting a discretionary extension under Rule 4(m). This alternative argument presents a closer question in the court's view. In the ordinary case in which the Clerk of Court fails to issue a summons as required by Local Rule 5.g.2 and such failure triggers a case to fall between the proverbial "cracks" of an attorney's internal office procedures—however inadequate they may be so long as they were built in reliance upon a duty imposed upon the Clerk of Court by the Local Rules—the court would be inclined to find excusable neglect and grant a discretionary extension to the plaintiff. *See, e.g., Davidson v. Weltman, Weinberg & Reis*, 285 F. Supp. 2d 1093, 1096 (S.D. Ohio 2003) (holding plaintiff was entitled to extension after clerk of court lost copy of his draft summons and the resulting delay proximately caused the faultless and otherwise diligent plaintiff from serving the defendant one week after the deadline). This is especially true when, as here, it appears (1) Defendants had actual notice of the lawsuit prior to formal service and (2) dismissal without prejudice may be tantamount dismissal with prejudice in light of the applicable statute of limitations.[4] The foregoing facts are not dispositive but all weigh in favor of finding excusable neglect and granting a permissive extension. *See, e.g., Colasante*, 81 F. App'x at 613 (discussing effect of statute of limitations upon the excusable neglect analysis); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305-06 (reiterating that actual notice is not tantamount to formal service).

Under the totality of the circumstances of *this case*, however, the court finds that

---

[4] The court assumes without deciding that the statute of limitations for Plaintiff's claims has passed. The parties express no view on the matter, and the court declines to calculate the dates for them.

10

there was no excusable neglect.  The facts of this case are highly unusual.  After discovering his failure to comply with Rule 4(m), counsel for Plaintiff was *not* diligent in effecting service or even forthright with the court.  Counsel for Plaintiff waited five days to contact the Clerk of Court for a summons.  Instead of attempting to effect service immediately, counsel for Plaintiff made a series of false misrepresentations to the court in the Proposed Scheduling Order.  If counsel for Plaintiff had time to lie to the court, he certainly had time to contact the Clerk of Court for a summons or, at the very least, file a motion for an extension to effect service.  Indeed, counsel for Plaintiff did not file a motion to extend time for service until six days after learning of his failure to comply with the 120-day deadline in Rule 4(m).  Upon receipt of the summons from the Clerk of Court on December 16, 2008, Plaintiff further compounded delay by waiting another five days to serve Defendants.  Quicker service was to be expected under the circumstances and in light of the fact that Defendants are easily found local government entities.

Accordingly, the court declines to extend Plaintiff's 120-deadline for service and shall dismiss the Complaint without prejudice.

### IV.  CONCLUSION

The Motion to Extend (docket no. 5) is **DENIED**.  The Motion to Dismiss (docket no. 7) is **GRANTED**.  The Complaint (docket no. 2-2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 30th day of March, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA