IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

BECKY S. KURKA,

    Plaintiff,

vs.

IOWA COUNTY, IOWA and IOWA
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

No. 08-CV-95-LRR

ORDER

_____

The matter before the court is Plaintiff Becky S. Kurka's Motion to Alter or Amend Judgment ("Motion to Reconsider") (docket nos. 19 & 20).[1] Pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1) and 60(b)(6), Plaintiff asks the court to reconsider its Order (docket no. 17), in which the court denied Plaintiff's "Motion to Extend Time to Effect Service of Summons Pursuant to F.R.C.P. 4(m)" ("Motion to Extend") (docket no. 5) and granted the Motion to Dismiss (docket no. 7), filed by Defendants Iowa County, Iowa and Iowa County Sheriff's Department. Defendants have filed a Resistance (docket no. 21) to the Motion to Reconsider. Neither party requests oral argument, and the court finds oral argument is not appropriate.

The court retains broad discretion in ruling upon a motion to reconsider. *See, e.g.,*

---

[1] Counsel for Plaintiff filed the Motion to Reconsider separately from his brief, in violation of the Local Rules. *See* LR 7.d. This is the second time counsel for Plaintiff violated this particular Local Rule. *See* Order (docket no. 17), at 3. For the third time in this action, however, the Clerk of Court helped counsel to rectify the filing error. *See id.* at 1, 3. Because the court denies the Motion to Reconsider on its merits, the court need not decide whether to strike Plaintiff's brief for her repeated failures to comply with the Local Rules. *See* LR 1.f; *see, e.g., McCabe v. United States*, No. 05-CV-73-LRR, 2007 U.S. Dist. LEXIS 85811, *4-*5 (N.D. Iowa Nov. 20, 2007) (striking brief in light of plaintiffs' repeated violation of Local Rules and granting a dispositive motion as unresisted).

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (discussing Rule 60(b)(1)). For example, "'[r]eversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases.'" *Id.* (quoting *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005)).

> Rule 60(b)(1) permits, *inter alia*, a district court to grant relief from a judgment entered because of a party's excusable neglect. *Noah*, 408 F.3d at 1045. Excusable neglect, necessarily, has two components: (1) neglect or noncompliance and (2) that is excusable. *Id.* . . . . In assessing whether conduct is excusable, [for example,] several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).
>
> * * *
>
> Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances. *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir.1999). Relief under this rule is exceedingly rare as relief requires an "intrusion into the sanctity of a final judgment." *Id.* "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir.1994) (internal quotations omitted).

*Id.* at 866-68 (footnote omitted).

For the reasons stated in Defendants' Resistance, the court shall deny the Motion

to Reconsider. Plaintiff states nothing in her Motion to Reconsider that changes the court's ultimate conclusion in the Order. Plaintiff has not shown good cause or excusable neglect for her failure to serve Defendants in a timely manner.

The Motion to Reconsider contains evidence and argument that Plaintiff did not present to the court in the original Motion to Extend and related filings. Plaintiff offers no explanation for her failure to bring these matters to the court's attention at an earlier time. As a consequence of Plaintiff's lack of diligence, the allegations in the Complaint now stem back as far as six years to 2003. The delay in this case was entirely avoidable and within the reasonable control of Plaintiff.

Plaintiff misconstrues the basis for dismissal of her Complaint (docket no. 2-2).[2] The Order was not "obviously punitive in nature and based upon the Court's mistaken belief that counsel for the Plaintiff had been dishonest with the Court." Brief (docket no. 20), at 5. The court did not dismiss the Complaint solely because counsel for Plaintiff made a material false representation to the Court. Instead, the court dismissed the Complaint because Plaintiff did not show good cause or excusable neglect for her failure to serve Defendants in a timely manner. The court based its ruling upon Federal Rule of Civil Procedure 4(m), not Federal Rule of Civil Procedure 11 or some other inherent power the court might have to dismiss a complaint for counsel's misconduct.

Even if the court were to now assume that counsel for Plaintiff had a legitimate explanation for his false representation to the court that "[c]ounsel have conferred and

---

[2] Plaintiff also reads too much into the court's citation to *Davidson v. Weltman, Weinberg & Reis*, 285 F. Supp. 2d 1093, 1096 (S.D. Ohio 2003). The salient point is that Plaintiff is not the faultless and otherwise diligent plaintiff to which *Davidson* refers. To the extent *Davidson* is inapposite, however, the court obviously declines to follow it. The court notes Plaintiff does not dispute any of the other legal authorities cited throughout the Order. Those cases make clear that counsel for Plaintiff, not the Clerk of Court or anyone else, bore the burden to effectuate service in a timely manner. Plaintiff does not address these cases in any meaningful way.

submit the following case information and proposed dates for case management," Proposed Scheduling Order (docket no. 13-2), at 2, for purposes of Rule 4(m), the result would be the same. The fact remains that, if counsel for Plaintiff had time to submit the Proposed Scheduling Order, he had time to ask the Clerk of Court for a blank summons or, at the very least, file a motion for extension of time with the court to effect service. But he did neither.

Plaintiff has not acted in good faith. Counsel for Plaintiff's belated attempt to blame court personnel, opposing counsel and the weather for his actions in this case is troubling.[3] The newly presented evidence borders on the bizarre. For example, counsel for Plaintiffs now testifies in an affidavit:

> On December 12, 2008, I received a call from Magistrate Shields' law clerk (my records do not reflect the clerk's name but I recall that he was a male.) The clerk noted that there was no Answer on file and that opposing counsel's name did not appear on the proposed order. <u>He said that the Judge assumed that the proposed scheduling order was filed by me alone in an attempt to comply with the order</u>. I confirmed that this was true. I also informed him that I did know the identity of defense counsel. I went on to briefly describe the same conversation I had with opposing counsel as is set out above. I understood that the clerk would pass the substance of our conversation to Judge Shields.

Affidavit (docket no. 19-2), at 3 (emphasis in original). In support of this testimony,

---

[3] In the Motion to Extend, counsel for Plaintiff blamed his failure to effect timely service solely upon the Clerk of Court for failing to send him a blank summons in a timely manner. Although not addressed in the Order, it bears mention that the Great Flood of 2008 destroyed the courthouse and severely disrupted court operations approximately six weeks before Plaintiff docketed his Complaint in error. While a natural disaster does not excuse the Clerk of Court's oversight, counsel for Plaintiff certainly knew courthouse operations were severely hindered. Under the circumstances, a reasonable practitioner would have placed redundancies in his internal office procedures to avoid what happened in this case.

4

counsel for Plaintiff presented the court with documentary evidence to show that he had a phone conversation with someone from "Judge Shields Chambers" on or about December 12, 2008. Exhibit C (docket no. 19-2), at 9.

The problem with Plaintiff's evidence and argument, of course, is that *Judge Shields is a United States Magistrate Judge for the Southern District of Iowa*. Judge Shields and his law clerk had nothing to do with this case.

Accordingly, the Motion to Reconsider (docket nos. 19 & 20) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 17th day of July, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA